**BECKY THOMAS,**

          **Plaintiff,**

**-vs-**                             **Case No.  6:07-cv-1983-Orl-28GJK**

**HARTFORD FIRE INSURANCE**
**COMPANY,**

          **Defendant.**
_____

## ORDER

Plaintiff brought the instant action seeking review of Defendant's termination of the long-term disability ("LTD") benefits that she had been receiving pursuant to an employee benefit plan ("the Plan") administered by Defendant and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. On September 30, 2009, this Court entered an Order (Doc. 54) denying Defendant's Dispositive Motion for Summary Judgment, granting Plaintiff's Dispositive Motion for Summary Judgment, and ordering further briefing with regard to the appropriate remedy and whether remand to Defendant for further determinations under the Plan is appropriate.  The parties have accordingly submitted memoranda on these issues (Docs. 57, 60, & 64).

Under the Plan, LTD benefits are payable during the first twenty-four months of a period of disability if an employee is prevented by sickness or accidental bodily injury "from performing one or more of the Essential Duties of [his or her] occupation" during that time

period—commonly referred to as the "own occupation" standard. (H9).[1]  After those first twenty-four months, LTD benefits are payable only if the employee is "prevented from performing one or more of the Essential Duties of Any Occupation"—the "any occupation" standard. (Id.).  Plaintiff was initially approved for LTD benefits effective October 7, 2005, and Defendant terminated those benefits effective July 16, 2006.  Plaintiff's administrative appeal of the termination decision was denied by Defendant on February 28, 2007.

In the September 30, 2009 Order, this Court determined that Defendant's termination of Plaintiff's LTD benefits was incorrect and unreasonable.  The parties dispute, however, the scope of relief to which Plaintiff is entitled.  Plaintiff requests that she be awarded LTD benefits from July 17, 2006 to the date she filed this lawsuit—December 17, 2007.[2]  Defendant, however, asserts that Plaintiff should be awarded benefits only until February 28, 2007—when Defendant denied her appeal—and in no event beyond October 6, 2007—the date after which the standard of disability under the Plan changed from "own occupation" to "any occupation."  Defendant notes that it has never evaluated Plaintiff under the "any occupation" standard and that it should, as the administrator of the Plan, be permitted to do so in the first instance.  Having considered the parties' submissions and applicable case law, the Court concludes that Plaintiff is entitled to an award of LTD benefits through October 6, 2007 and that remand is appropriate so that determinations can be made, consistent with

---

[1]References to the administrative record are denoted by "H" followed by the page number.

[2]In her memorandum, Plaintiff initially suggest three possible dates through which LTD benefits could be awarded, but in her conclusion she urges the Court to use the December 17, 2007 filing date.  (Doc. 60 at 3, 7).

the Plan, regarding whether Plaintiff is entitled to benefits beyond that date under the "any occupation" standard. See, e.g., Rodden v. Jefferson Pilot Fin. Ins. Co., 591 F. Supp. 2d 1113, 1126-27 (N.D. Cal. 2008); Volynskaya v. Epicentric, Inc., No. C 04-0839 SI, 2008 WL 495708, at *2 (N.D. Cal. Feb. 20, 2008); cf. Gharagozloo v. Aetna Life Ins. Co., No. 08-23349-CIV, 2009 WL 3753589, at *25 (S.D. Fla. Nov. 5, 2009).

The monthly amounts involved are not disputed.[3] Plaintiff's LTD benefit payment from Hartford was $2,916.66 per month ($1,458.33 semimonthly) and is, under the terms of the Plan, to be offset by the Social Security payments of $2,116.00 per month that Plaintiff receives effective April 2006. This offset of $2,116.00 results in a net payment owed by Defendant of $800.66 per month. This amount ($800.66) is owed for fourteen whole months (August 2006 through September 2007), along with a prorated portion of this amount for six days in October 2007. Additionally, Plaintiff was paid LTD benefits for only half of July 2006, and thus she is due one semimonthly payment of $1,458.33 for July 2006.[4] Total unpaid

--------

[3]Despite the agreement as to the monthly amounts involved—both as to the LTD benefit payable under the Plan and the Social Security payments that Plaintiff receives that are to be offset under the Plan—the Court has struggled to make sense of the computations submitted by the parties in their memoranda. For example, Plaintiff's counsel refers to an overpayment of $2,916.66 for the months of April, May, June, and July 2006 based on Plaintiff's receipt of both LTD benefits and Social Security benefits for those months, without any offset. However, $2,916.66 is the amount of the LTD benefit, and the overpayment amount should instead be $2,116.00—the Social Security benefit amount. Additionally, Plaintiff's counsel has miscalculated the number of months for which payment is allegedly due in several portions of his memorandum. (See, e.g., Doc. 60 at 3 (referring to the time from July 2006 to February 2007 as 19 months rather than 7 months and to the time from July 2006 to December 2007 as 29 months rather than 17 months); id. at 7 (same))). To avoid confusion, the Court will in this Order explain its calculations in detail based on the undisputed monthly amounts involved.

[4]The Court has used a full semimonthly payment for July 2006 in this portion of its

LTD benefits under this calculation are $12,822.54.[5]

The Social Security payments that Plaintiff received for April, May, June, and July 2006 have not yet been offset against the LTD benefits that Defendant paid to Plaintiff during those months; thus, Defendant is due a credit of $2,116.00 for each of these months, for a total credit of $8,464.00. After applying this credit to Defendant, unpaid LTD benefits are $4,358.54.[6]

An award of prejudgment interest is also appropriate. The Court will award such interest at the federal statutory rate[7] that is employed for postjudgment interest, as urged by Defendant in its memorandum. (See Doc. 57 at 9). Such interest will be awarded from October 6, 2007, at which time the applicable rate was 4.12% per annum. Using this rate, total interest on $4,358.54 from October 7, 2007 through February 5, 2010 is $418.92. Thus, with prejudgment interest, Plaintiff is entitled to a judgment in the total amount of $4,777.46.

Therefore, in accordance with this Court's September 30, 2009 Order (Doc. 54) and

---

calculation because the Social Security offset for July 2006 is being made for the whole month of July at once as set forth in the next paragraph of the text.

[5]This total was derived as follows:

$800.66/month x 14 months (August 2006 though September 2007) = $11,209.24
One semimonthly payment for July 17-31, 2006 = $1,458.33
$800.66 x 6/31 for October 1-6, 2007 = $154.97

$11,209.24 + $1,458.33 + $154.97 = $12,822.54

[6]$12,822.54 - $8,464.00 = $4,358.54.

[7]See 28 U.S.C. § 1961(a) (providing for post-judgment interest "at a rate equal to the weekly average 1-year constant maturity Treasury Yield . . . for the calendar week preceding the date of judgment").

this Order, it is **ORDERED** and **ADJUDGED** as follows:

1.  The decision of Defendant to terminate Plaintiff's LTD benefits as of July 16, 2006 is **REVERSED**.  Plaintiff is entitled to a judgment for LTD benefits owed for the period July 17, 2006 through October 6, 2007, and remand for determination of the issue of entitlement to benefits beyond that date is appropriate.

2.  The Clerk shall enter a judgment in favor of Plaintiff and against Defendant in the amount of $4,777.46, which sum shall bear interest from the date of judgment at the applicable statutory rate.

3.  This matter is remanded to Defendant for a determination of whether Plaintiff is entitled to benefits beyond October 6, 2007 and for any further necessary determinations consistent with this Order, the summary judgment Order (Doc. 54), and the terms of the Plan.

4.  After entry of judgment as set forth in paragraph 2, the Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida this 5th day of February 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record